UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LINDA HAYS MCCOY                                                                                          APPELLANT

V.                                                                          CIVIL ACTION NO. 3:20-CV-82-DPJ-FKB

MISSISSIPPI DEPARTMENT OF REVENUE                                                                   APPELLEE

ORDER

This bankruptcy appeal is before the Court on two motions filed by pro se Appellant Linda Hays McCoy "to reconsider order denying relief from a judgment or order" [18] and "for indicative ruling on motion for relief that is barred by a pending appeal and Plaintiff's Rule 60(b)" [19].[1]  Appellee has responded [20] in opposition.

Both motions take issue with the Court's August 12, 2020 Order [17], explaining that Federal Rule of Civil Procedure 60 is not applicable.  Order [17] at 1.  The Court pointed out that "[t]he proper procedure for challenging the Final Judgment is this currently pending (and fully briefed) bankruptcy appeal."  *Id.*

Appellee now asks the Court to reconsider its prior Order [17], again asserting that it may grant her relief from the Bankruptcy Court's judgment under Federal Rule of Civil Procedure 60. Mot. [18] at 2; *see id.* at 4 (asking that she "be granted relief from the order of the Bankruptcy Court"); Mot. [19] at 3 (invoking Rule 60).  But as said before, Rule 60 does not apply; the way to challenge the judgment is through appeal—which she has already filed.  Her motions [18, 19] are denied.[2]

---

[1] Capitalization altered.

[2] McCoy also invokes Rule 62.1, which allows a district court faced with a Rule 60(b) motion challenging its own ruling that is currently on appeal to defer, deny, or state its position that it "would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Civ. P. 62.1(a)(3); *see id.* at advisory committee notes to 2009

McCoy also suggests that she wishes to present additional evidence in support of her appeal.  Mot. [18] at 3 (detailing "new evidence"); Mot. [19] at 4 ("McCoy is filing the additional evidence so that it will be a part of her record and that it will be considered as a substantial issue.").  As explained in the Court's August 11, 2020 Order [15], "[d]iscovery during an appeal is not permitted because the reviewing court is limited to the record developed in the lower court."  Order [15] at 2 (collecting cases).

While the Court recognizes that it can be challenging for pro se litigants to navigate the judicial process, McCoy's habit of filing motions [5, 16, 18, 19] is not advancing her appeal.  She is again cautioned that her bankruptcy appeal is pending and will be considered in due course; **no further action or filing is appropriate at this time**.

McCoy's motions [18, 19] are denied.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2020.

                                               s/ *Daniel P. Jordan III*
                                               CHIEF UNITED STATES DISTRICT JUDGE

---

amendment ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand."); *id.* ("This clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal.").  This rule is not applicable in this context.